Jerome Addison, # 243778,   )   C/A No. 2:09-2896-HFF-RSC
                            )
              Plaintiff,    )
                            )
vs.                         )   **Report and Recommendation**
                            )
County of Charleston,       )
                            )
              Defendant.    )
                            )

## Background of this Case

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff is serving a life sentence for kidnapping and assault and battery with intent to kill. The plaintiff's convictions were entered in the Court of General Sessions for Charleston County in September of 1997. *See State v. Addison*, 338 S.C. 277, 525 S.E.2d 901 (S.C.Ct.App. 1999), *affirmed in part and modified in part*, 343 S.C. 290, 540 S.E.2d 449 (2000).[1]

---

[1] The jury in the Court of General Sessions for Charleston County acquitted the plaintiff of first-degree criminal sexual conduct. *State v. Addison*, 338 S.C. at 279 n. 1, 525 S.E.2d at 902 n. 1.

1

In the above-captioned case, the plaintiff has brought suit against the County of Charleston. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's criminal case and the handling of the criminal case and collateral proceedings by the Circuit Court for Charleston County. The plaintiff also complains about civil cases involving the plaintiff and members of the plaintiff's family.

In an order filed in this case on November 12, 2009, the undersigned directed the plaintiff to submit items needed to render this case into "proper form." The plaintiff has done so. The plaintiff has also submitted an amended complaint (Entry No. 9).

### Discussion

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir.

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any pro se filing);³ *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See *Erickson v. Pardus*, 551 U.S. 89 (2007)(per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the amended § 1983 complaint is subject to

---

³*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Charleston County is also not responsible for actions taken by any state courts within Charleston County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. Art. V, § 1; and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[4]

Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Charleston County, retains the *sole* authority to supervise magistrates' courts, municipal courts in Charleston County, and the Circuit Court for Charleston County. *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-76 & n. 1 (1988). By virtue of

---

[4]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. See *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

4

Article V, Charleston County does not exercise administrative or supervisory authority over municipal courts, magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of Charleston County. Consequently, Charleston County is not a proper party defendant because it has no authority over the unified judicial system and is not responsible for the alleged violations of the plaintiff's rights during the relevant times at issue in the above-captioned case.

Similarly, Charleston County cannot be held liable for actions of the Ninth Circuit Solicitor's Office because it does not hire or supervise the Solicitor, who "hires and fires" Assistant Solicitors. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985). Charleston County is not responsible for the actions of the Clerk of Court for Charleston County. *See McCormick County Council v. Butler*, 361 S.C. 92, 603 S.E.2d 586 (2004) (*per curiam*):

> *PER CURIAM*:
>
> Petitioner (County Council) seeks a declaratory judgment in this Court's original jurisdiction to have the Court determine who has the right to assign office space and possess the keys to the offices in the McCormick County Courthouse. Because this is a matter of significant public interest, we grant the petition to hear this matter in our original jurisdiction, dispense with further briefing, and hold that respondent (the Clerk of Court) has the authority to assign offices and possess the keys thereto in the county courthouse.

In an administrative order dated June 23, 2004, Chief Justice Toal ordered that, pursuant to S.C.Code Ann. § 14-17-210 (1976), the Clerk of Court has charge of the courthouse and has the authority to exercise control over the assignment of rooms and possess all office keys. County Council asks that this administrative order be stayed pending resolution of this matter. The request to stay the June 23rd administrative order is denied.

South Carolina Code Ann. § 4-1-80 (1986) requires the governing body of each county to furnish the probate judge, auditor, superintendent of education, clerk of court, sheriff, treasurer and master in equity office room, furniture, and stationery, as well as fuel, lights, postage and other incidentals necessary to transact business. In addition, the county governing body is required to make any alterations and additions advisable or necessary to any courthouse. S.C.Code Ann. § 4-17-60 (1986).

The office of clerk of court is an elected one, created by Article V, § 24 of the South Carolina Constitution. This section states that the General Assembly shall provide for the clerk of court's duties. In S.C.Code Ann. § 14-17-210 (1976), the General Assembly has provided that the county clerk of court has charge of the courthouse and must open the courthouse when required for public use and close it at all other times.

South Carolina Code Ann. § 4-9-650 (1986) provides that the county administrator has no authority over elected officials of the county whose offices are created by the Constitution or general law of the State.

Although the statutes do not specifically provide who has the authority to assign offices and possess the keys thereto in the county courthouse, the provision of § 14-17-210 giving the clerk of court charge of the courthouse must include the assignment

6

> of offices and possession of keys. Further,
> since § 4-9-650 specifically states that the
> county administrator does not have authority
> over elected officials whose offices are
> created by the Constitution, the county has no
> authority to control the Clerk of Court.
>
> Essentially, County Council is
> challenging the Chief Justice's June 23rd
> administrative order in this matter. As the
> administrative head of the unified judicial
> system, the Chief Justice has the authority to
> issue administrative orders controlling the
> courts in the State. Because authority to
> control the courthouse is given to the Clerk
> of Court, we hold that the Clerk of Court has
> the authority to assign offices in and possess
> the keys to the offices in the courthouse.

*McCormick County Council v. Butler*, 361 S.C. at 93, 603 S.E.2d at 586-87 (footnote omitted from quotation).

Any claims by the plaintiff relating to his convictions for kidnapping and assault and battery with intent to kill are barred because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages
> for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by
> actions whose unlawfulness would render a
> conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid
> by a state tribunal authorized to make such a
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or
> sentence that has not been so invalidated is
> not cognizable under § 1983. Thus, when a
> state prisoner seeks damages in a § 1983 suit,
> the district court must consider whether a

> judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).

Until the plaintiff's convictions are set aside, any civil rights action based on the convictions, sentences, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, No. 07-2528, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

The plaintiff has submitted a motion for a temporary restraining order (Entry No. 2), in which he, in effect, seeks release from confinement. The plaintiff cannot obtain release from prison in this civil rights action. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983."). Moreover, the plaintiff's claims in the above-captioned case are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).[5]

---

[5]This federal court cannot review decisions of state courts in non-habeas civil cases. The application of the *Rooker-Feldman* doctrine has been limited in recent cases, *see, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), and *Davani v. Virginia Dept. of Transportation*, 434 F.3d 712 (4th Cir. 2006). Even so, appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress
(continued...)

Also, under the new standard adopted by our Court of Appeals, the plaintiff is not entitled to a temporary restraining order. *See Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342 (4th Cir. 2009), which superannuates older cases, such as *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(per curiam).[6]

Any relief directed against state judges or a state court is barred by the holding in *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). *See also Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) ("The Justices are entitled to the full protection of the immunity doctrine because the requested relief is premised on alleged

---

(...continued)
and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment).

[6]The United States Court of Appeals for the Fourth Circuit reviews grants or denials of motions for preliminary injunction under an abuse of discretion standard. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); and *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances.'").

misconduct stemming from the performance of their judicial duties."), *affirmed*, No. 04-1207, 401 F.3d 411 (6th Cir., March 10, 2005), *affirmed on rehearing*, 413 F.3d 578 (6th Cir., June 24, 2005).[7]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams;* 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. I also recommend that the plaintiff's motion for a temporary restraining order (Entry No. 2) **be denied.** The plaintiff's attention is directed to the Notice on the next page.

December 8, 2009  Robert S. Carr
Charleston, South Carolina  United States Magistrate Judge

---

[7]The United States Court of Appeals for the Sixth Circuit granted rehearing because of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005), which superannuated case law on the *Rooker-Feldman* doctrine. *Gilbert v. Ferry*, 413 F.3d at 579.

11

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).