UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED CLERK'S OFFICE

2010 JAN 12 A 7:55

DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Jerome Addison, # 243778, ) | C/A No. 2:09-2896-HFF-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| County of Charleston; ) | |
| David Beasley, Governor; ) | |
| Coordinator, Commission of ) | |
| Prosecution; ) | |
| Solicitor Donald Myers, Chm.; ) | |
| SC Dept. of Corrections; ) | |
| Michael Moore, Director; ) | |
| J. Al Cannon, Jr.; ) | |
| Charleston County Sheriff; ) | |
| Lorrelle Proctor, Public Defender, ) | |
| ) | |
| Defendants. ) | |

*Background of this Case*

The plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections (SCDC). The plaintiff is serving a life sentence for kidnapping and assault and battery with intent to kill. The plaintiff's convictions were entered in the Court of General Sessions for Charleston County in September of 1997. *See State v. Addison*, 338 S.C. 277, 525 S.E.2d

1

901 (S.C.Ct.App. 1999), *affirmed in part and modified in part*, 343 S.C. 290, 540 S.E.2d 449 (2000).[1]

In the above-captioned case, the plaintiff originally brought suit against the County of Charleston. The "STATEMENT OF CLAIM" portion of the original § 1983 complaint indicated that this civil rights action arises out of the plaintiff's criminal case and the handling of the criminal case and collateral proceedings by the Circuit Court for Charleston County. In the original complaint, the plaintiff complained about civil cases involving the plaintiff and members of the plaintiff's family.

In an order filed in this case on November 12, 2009, the undersigned directed the plaintiff to submit items needed to render this case into "proper form." The plaintiff did so. The plaintiff also submitted his first amended complaint (Entry No. 9).

In a Report and Recommendation filed in this case on December 8, 2009, the undersigned recommended summary dismissal of the case because the plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and because the County was not responsible for the alleged violations of the plaintiff's constitutional rights by the Circuit Court for Charleston County and the Ninth Circuit Solicitor's Office.

---

[1] The jury in the Court of General Sessions for Charleston County acquitted the plaintiff of first-degree criminal sexual conduct. *State v. Addison*, 338 S.C. at 279 n. 1, 525 S.E.2d at 902 n. 1.

The plaintiff on December 22, 2009, filed timely written objections to the Report and Recommendation and sought leave to file a second amended complaint. In an Order (Entry No. 29) filed in this case on December 29, 2009, the Honorable Henry F. Floyd, United States District Judge, granted the plaintiff's motion to amend complaint. Judge Floyd remanded the matter to the undersigned for consideration of the second amended complaint.

The second amended complaint appears as Entry No. 17. In the second amended complaint, the plaintiff has added defendants and seeks a declaratory judgment that his rights were violated during the criminal proceedings.

*Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the second *pro se* amended complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th

---

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Cir. 1995)(en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any pro se filing);[3] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. See Erickson v. Pardus, 551 U.S. 89 (2007)(per curiam); Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(per curiam); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in Silva v. Spencer, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the amended § 1983 complaint is subject to

---

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989) (insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Any claims by the plaintiff relating to his convictions for kidnapping and assault and battery with intent to kill are barred because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995) (litigant's conviction reversed by state court in 1993; hence, civil rights

action timely filed); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, No. 94 C 5691, 1995 U.S. Dist. LEXIS 2380, *12-*13, 1995 WL 88956 (N.D. Ill., Feb. 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir. 1995).

Until the plaintiff's convictions are set aside, any civil rights action based on the convictions, sentences, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*. *Sufka v. Minnesota*, No. 07-2528, 2007 U.S. Dist. LEXIS 84544, 2007 WL 4072313 (D. Minn., Nov. 15, 2007). Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

*Heck v. Humphrey* is applicable, even though a litigant seeks declaratory relief. *See Womack v. Grannis*, No. 1:09-cv-01241-LJO-YNP PC, 2009 WL 5088765, *4 (E.D. Cal, Dec. 17, 2009); *Jones v. Staples*, No. 1:09-cv-1030, 2009 U.S. Dist. LEXIS 110098, 2009 WL 4251138, *3 (W.D. Mich., Nov. 24, 2009) ("To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is

barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)[.]"); and *Cox v. Ashcroft*, 601 F. Supp. 2d 1261, 1272 (E.D. Cal. 2009) ("This bar also extends to claims for declaratory relief.").

As noted in the prior Report and Recommendation, the plaintiff has submitted a motion for a temporary restraining order (Entry No. 2), in which he, in effect, seeks release from confinement. The plaintiff cannot obtain release from prison in this civil rights action. *Myers v. Pauling*, No. 95-820, 1995 U.S.Dist. LEXIS 7628, 1995 WL 334284 (E.D. Pa., June 2, 1995) ("Release from prison is not a remedy available under 42 U.S.C. § 1983.").

Also, under the new standard adopted by our Court of Appeals, the plaintiff is not entitled to a temporary restraining order. *See Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342 (4th Cir. 2009), which superannuates older cases, such as *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig*, 550 F.2d 189, 193 (4th Cir. 1977); and *Airport Comm. of Forsyth Co., N.C. v. Civil Aeronautics Board*, 296 F.2d 95, 96 (4th Cir. 1961)(*per curiam*).[4]

---

[4]The United States Court of Appeals for the Fourth Circuit reviews grants or denials of motions for preliminary injunction under an abuse of discretion standard. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004); and *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) ("We review the grant or denial of a preliminary injunction for abuse of discretion, recognizing that 'preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching
(continued...)

Any relief directed against state judges or a state court is barred by the holding in *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). *See also Gilbert v. Ferry*, 298 F. Supp. 2d 606, 612 (E.D. Mich. 2003) ("The Justices are entitled to the full protection of the immunity doctrine because the requested relief is premised on alleged misconduct stemming from the performance of their judicial duties."), *affirmed*, No. 04-1207, 401 F.3d 411 (6th Cir., March 10, 2005), *affirmed on rehearing*, 413 F.3d 578 (6th Cir., June 24, 2005).[5]

Moreover, the plaintiff's civil rights claims not relating to his criminal case are barred by the statute of limitations. In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year

---

(...continued)
power to be granted only sparingly and in limited circumstances.'").

[5]The United States Court of Appeals for the Sixth Circuit granted rehearing because of the Supreme Court's decision in *Exxon Mobil Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280 (2005), which superannuated case law on the *Rooker-Feldman* doctrine. *Gilbert v. Ferry*, 413 F.3d at 579.

8

limitations period for causes of action arising on or after April 5, 1988.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *See, e.g., United States v. Ward*, 618 F. Supp. 884, 901 (E.D.N.C. 1985); and *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), citing *Todd v. Baskerville*, and *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).[6]

---

[6]Two of the defendants named in the second amended complaint, Governor Beasley and SCDC Director Michael Moore, have been out of
(continued...)

Sheriff J. Al Cannon, the Sheriff of Charleston County, is entitled to summary dismissal because he is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (2008); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (2008), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, 88 F.3d at 1332

---

(...continued)
office for almost eleven years. It can be judicially noticed that, in 1998, Governor Beasley was defeated in his bid for reelection and his term as Governor ended in January of 1999. Michael Moore, who was a member of Governor Beasley's cabinet, left the SCDC in 1999 after the change in gubernatorial administrations. Hence, the limitations period for any claims against those defendants expired no later than January of 2002.

("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

Lorrelle Proctor, the plaintiff's former Public Defender, has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).[7] *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129

---

[7]The General Assembly of the State of South Carolina has replaced the county-based public defender system with a Circuit-based system. *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system. The Preamble to the Act reads as follows:

> Whereas, the General Assembly finds that it is necessary to establish a statewide unified indigent defense system to provide effective assistance of counsel to indigent criminal defendants; and

(continued...)

S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

---

(...continued)
>    Whereas, the General Assembly believes it is necessary to establish parity in benefits and salaries between prosecution and defense systems; and
>
>    Whereas, the General Assembly desires to ensure that the system is free from undue political interference and conflict of interest; and
>
>    Whereas, the General Assembly wishes to provide for the delivery of public defender services by qualified and competent counsel in a manner that is fair and consistent throughout the State; and
>
>    Whereas, the General Assembly's ultimate goal is to ensure that adequate public funding of a statewide public defender system is provided and managed in a fiscally responsible manner.

(2007 S.C. Acts 108).

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[8]

The defendant referred to by the plaintiff as the "Coordinator, Commission of Prosecution" is actually the Commission on Prosecution Coordination. The Commission on Prosecution Coordination was established in 1990 pursuant to S.C. Code Ann. § 1-7-910 ("There is created a commission to coordinate all activities involving the prosecution of criminal cases in this State. The commission is known as the South Carolina Commission on Prosecution Coordination."). Under S.C. Code 1-7-930, the purpose of the commission is to coordinate all administrative functions of the offices of the Solicitors and any affiliate services operating in conjunction with the Solicitors' Offices, to submit the budgets of the Solicitors and their affiliate services to the General Assembly, to encourage and develop legal education programs and training programs for Solicitors and their affiliate services, to

---

[8]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(collecting cases).

organize and provide seminars to help increase the effectiveness and efficiency of the prosecution of criminal cases in this State, to act as a clearinghouse and distribution source for publications involving Solicitors and their affiliate services, and to provide legal updates on matters of law affecting the prosecution of cases in South Carolina, and to provide blank indictments for the Solicitors. *See also* S.C. Code Ann. § 1-7-920:

> The commission is composed of the following persons for terms as indicated:
>
>> (1) the Chairmen of the Senate and House Judiciary Committees for the terms for which they are elected or their legislative designees;
>>
>> (2) the Chief of the South Carolina Law Enforcement Division for the term for which he is appointed;
>>
>> (3) the Director of the Department of Public Safety shall serve during the term for which he is appointed;
>>
>> (4) a director of a Judicial Circuit Pretrial Intervention Program appointed by the Governor for a term of two years;
>>
>> (5) a Judicial Circuit Victim-Witness Assistance Advocate appointed by the Governor for a term of two years;
>>
>> (6) five judicial circuit solicitors appointed by the Governor for a term of four years. However, upon initial appointment, the Governor shall select one for a two-year term, two for a three-year term, and two for a four-year term. If a solicitor appointed to the commission is not

> re-elected, a vacancy occurs and it
> must be filled pursuant to the
> provisions of Section 1-7-930.

The Commission on Prosecution Coordination and the South Carolina Department of Corrections are immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); *Alden v. Maine*, 527 U.S. 706 (1999); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Virginia v. Reinhard*, 568 F.3d 110 (4th Cir. 2009); *Belcher v. South Carolina Board of Corrections*, 460 F. Supp. 805, 808-809 (D.S.C. 1978); and *Simmons v. South Carolina State Highway Dept.*, 195 F. Supp. 516, 517 (E.D.S.C. 1961).[9]

---

[9]Some of the exhibits submitted by the plaintiff concern real property (Entry No. 17-1, at pages 16-20). It is not clear whether there was state court litigation concerning the real property. If there was state court litigation, this federal court cannot review decisions of state courts in property disputes. The application of the *Rooker-Feldman* doctrine has been limited in recent cases. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S.
(continued...)

*Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams;* 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. I also

---

(...continued)
280 (2005), and *Davani v. Virginia Dept. of Transportation*, 434 F.3d 712 (4th Cir. 2006). Even so, appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment).

recommend that the plaintiff's motion for a temporary restraining order (Entry No. 2) **be denied.** The plaintiff's attention is directed to the Notice on the next page.

January 11, 2010  
Charleston, South Carolina

*Robert S. Carr*  
Robert S. Carr  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).